UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CASE NO. |
| ) | 99-00201-001 |
| RICHARD LUGANO ) | |
| ) | |
| Judgment Defendant, ) | |
| ) | |
| HARRIS TOWING, and its successors or ) | |
| assigns, ) | |
| ) | |
| Garnishee Defendant. ) | |

## MOTION FOR AGREED FINAL ORDER OF GARNISHMENT

The parties, the United States of America, the judgment defendant, Richard Lugano, and the garnishee defendant, Harris Towing, and its successors or assigns, agree and stipulate as follow:

1. The judgment defendant's name is Richard Lugano and his last known address is: 1703 Elaine Street, Bay Minette, AL 36507.

2. A Judgment was entered against the judgment defendant, Richard Lugano, in this action in the amount of $240,100.00, plus post-judgment interest at the rate of 6.197%. The total balance due on the Judgment is $311,362.32 ($239,091.07 principal and $72,271.25 interest) as of April 5, 2005. Interest continues to accrue at the daily rate of 6.197% until paid in full.

3.	The garnishee defendant, Harris Towing, has in its possession, custody or control property of the judgment defendant in the form of wages paid to the judgment defendant, Richard Lugano.

4.	The judgment defendant, Richard Lugano, waives service of an application for a writ of continuing garnishment pursuant to Section 3205 of the Federal Debt Collection procedures Act of 1990, 28 U.S.C. § 3205, and further waives his right to a hearing under the section 3205 and any other process to which the judgment defendant may be entitled under the Federal Debt Collection Procedures Act of 1990.

5.	The garnishee defendant, Harris Towing, waives service of an application for a writ of continuing garnishment pursuant to Section 3205 of the Federal Debt Collection Procedures Act of 1990, 28. U.S.C. § 3205 and further waives its rights to answer and be heard in this matter and waives any other process to which the garnishee defendant may be entitled under the Federal Debt Collection Procedures Act of 1990.

6.	The judgment defendant, Richard Lugano, agrees and stipulates that his wages are subject to garnishment under section 3205 of the Federal Debt Collection Act, 28 U.S.C. §3205 and expressly agrees and stipulates that the entry of a final order in garnishment is proper.

7.	The parties therefore agree and stipulate to the entry of a final order in garnishment against the non-exempt wages of the judgment defendant, Richard Lugano. It is expressly agreed and stipulated to by the parties that the garnishee defendant, Harris Towing, shall pay into the hands of the United States Attorney, at least monthly, the lesser of:

1.	**$150 per month from judgment defendant's disposable earnings**; or

2.	Twenty-five percent (25%) of judgment defendant's disposable earnings; or

    3.    All amounts of judgment defendant's disposable earnings in excess of thirty times the federal minimum hourly wage.

See 15 U.S.C. § 1673(a)

To calculate disposable earnings, subtract the following from wages, commissions, and income:

1. Federal Income Tax
2. Federal Social Security Tax;
3. State Adjusted Gross Income Tax;
4. County Option Tax (if any).

    8.    The parties further agree and stipulate that these sums are to be applied upon the judgment rendered in this cause in the sum of $240,100.00, upon which there is an unpaid balance of $311,362.32 ($239,091.07 principal and $72,271.25 interest) as of April 5, 2005, plus future accrued interest at the daily accrual rate of 6.197% thereafter until paid in full. These deductions are to continue until the unpaid balance, plus accruing interest, is fully paid and satisfied.

Checks should be made payable to:

    Clerk of Court

and mailed to:

    113 St. Joseph Street
    Mobile, AL  36602

Reference: Richard Lugano - Case No. 99-00201-001

9. This order shall take effect after all prior orders in garnishment have been satisfied.

10. The judgment debtor agrees to submit financial information to the United States Attorney's Office when requested in order to determine a possible increase in the reduced garnishment withholding. Failure to comply will void this agreement and the full 25% withholding under the writ of garnishment will go back into force and effect.

Respectfully submitted,

DAVID P. YORK
United States Attorney

Dated: 4/25/05    By: _____
Patricia N. Beyer (BEYEP0254)
Assistant United States Attorney

Dated: 04.11.05    _____
Richard Lugano
Judgment Defendant

Dated: 04.11.05    _____
Harris Towing
Garnishee

APPROVED AND SO ORDERED this 16th day of May, 2005.

_____
CHARLES R. BUTLER, JR.
UNITED STATES DISTRICT COURT JUDGE

Copies to:

Patricia N. Beyer (BEYEP0254)
Assistant United States Attorney
63 South Royal Street, Suite 600
Mobile, AL  36602

Richard Lugano, Judgment Defendant
1703 Elaine Street
Bay Minette, AL  36507

Harris Towing, Garnishee Defendant
1920-A Brentco Road
Cantonment, FL  36533